J-A08003-23

2023 PA Super 275

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JERMAINE BELGRAVE :
:
Appellant : No. 1480 WDA 2021

Appeal from the Judgment of Sentence Entered November 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001015-2019

BEFORE:  STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

DISSENTING OPINION BY PELLEGRINI, J.:      **FILED: December 28, 2023**

In this case, the Commonwealth called a witness, Baizar, who could not assert his privilege against self-incrimination because he had been immunized, but had informed the Commonwealth that he was still going to refuse to answer any questions if called to testify.  There is no dispute that a jury would have likely thought Baizar was associated with the Appellant, given the facts as outlined by the majority.  Nonetheless the Commonwealth called him and asked him 18 questions which, as promised, he refused to answer.

Relying on **Commonwealth v. Todaro**, 569 A.2d 333 (Pa. 1990), the majority holds that there was no prejudicial error because Baizar simply refused to answer and was not refusing to answer based on his right against self-incrimination.  Because I would hold that **Commonwealth v. Duval**, 307

_____

[*] Retired Senior Judge assigned to the Superior Court.

A.2d 229 (Pa. 1973) instead controls, I would hold that if the Commonwealth calls a witness knowing that witness will refuse to answer, no matter what the basis for that refusal is, that is prejudicial error, and I respectfully dissent.

The majority agrees that under *Duval*, it is prejudicial error for the Commonwealth to call a witness to the stand knowing that the witness will invoke their privilege against self-incrimination under circumstances where the witness is likely to be considered associated with the defendant with respect to the criminal charges being tried. In *Duval*, two witnesses were called, invoked their right against self-incrimination out of the presence of the jury, and the trial judge found that they had waived their rights and were obligated to testify, but each witness continued to refuse to testify. Even after they were held in contempt, when the Commonwealth questioned them and they refused to testify, our Supreme Court held that calling the witnesses to testify was prejudicial error due to "the risk that the jury would draw adverse inferences against the defendant." *Duval* at 232.

The majority finds that *Duval* does not apply but, instead, our Supreme Court's decision in *Todaro*, 569 A.2d 333 (Pa. 1990) controls because Baizar was not refusing to answer based on his right against self-incrimination, but simply refused to answer so that the jury could not invoke an impermissible adverse interest against Appellant. *Todaro* is not applicable.

In *Todaro,* a witness was called to the stand and before any questions were addressed to him, quietly turned to the trial judge and said that he

wanted to invoke his right against self-incrimination. The trial judge called counsel to side bar and informed them of the witness's request, a recess was called, the witnesses was excused, and, when the trial resumed, no explanation was given to jury as to why he was excused and did not testify. Our Supreme Court did not grant a mistrial because "t]here was nothing that occurred that would be likely to cause the jury to infer anything, one way or the other." *Id.* at 336. "It is the expressed, highlighted reference to the Fifth Amendment privilege that may prejudice or influence a jury, not mere silence itself." *Todaro*, 569 A.2d at 336.

I respectfully dissent because *Duval* controls, not *Todaro*. Unlike in *Todaro*, where the witness was asked no questions, Baizar was asked 18 questions regarding the incident which he refused to answer. As in *Duval*, the Commonwealth called Baizar knowing full well that he would refuse to answer the questions evidencing an intent that it was not calling him to obtain probative evidence but to prejudice the defendant so that the jury "would draw adverse inferences against the defendant" based on Baizar's refusal to answer. *Duval* at 232.

Accordingly, because I would reverse, I respectfully dissent.